# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

HARRY E. BENCOMA,

    Plaintiff,

v.

WARDEN STROOT et al.,

    Defendants.

2:16-cv-00385-RFB-GWF

**ORDER**

## I. DISCUSSION

On February 26, 2016, this Court entered an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* within thirty (30) days from the date of that order. (ECF No. 2 at 2). On March 25, 2016, Plaintiff filed a motion for appointment of counsel and explained that he needed counsel who knew how to file legal work. (ECF No. 3 at 1). Plaintiff stated that he had sent a kite to the law library for a financial certificate and will get it in a few days. (*Id.*).

The Court interprets Plaintiff's motion as one for an appointment of counsel and one for an extension of time to file his application to proceed *in forma pauperis*. As an initial matter, the Court grants Plaintiff's motion for an extension of time to file a fully complete application to proceed *in forma pauperis*. Plaintiff shall file a fully complete application to proceed *in forma pauperis* on or before Friday, April 22, 2016.

With respect to the appointment of counsel, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint

counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel.

**II.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the motion for appointment of counsel (ECF No. 3) is interpreted as a motion for appointment of counsel and a motion for an extension of time.

IT IS FURTHER ORDERED that the motion for appointment of counsel (ECF No. 3) is denied.

IT IS FURTHER ORDERED that the motion for an extension of time to file an application to proceed *in forma pauperis* is granted.

IT IS FURTHER ORDERED that on or before Friday, April 22, 2016, Plaintiff shall either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400 fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result.

DATED: This 29th day of March, 2016.

_____
United States Magistrate Judge